[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOV 26, 2007
THOMAS K. KAHN
CLERK

No. 06-16629
Non-Argument Calendar

_____

D. C. Docket No. 05-00456-CR-T-17-MAP

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RODOLFO MACHADO OVALLES,
a.k.a. Oballes Rodolfo,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(November 26, 2007)**

Before BARKETT, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Rodolfo Machado Ovalles appeals his 135-month sentence imposed for

possession with intent to distribute and conspiracy to possess with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of 46 App. U.S.C. § 1903(a), (g), (j)[1] and 21 U.S.C. § 960(b)(1)(B)(ii). Ovalles was one of eight crew members of a small "go-fast" vessel transporting approximately 1250 – 1625 kilograms of cocaine. On appeal, Ovalles argues that the district court erred by denying him a mitigating-role reduction pursuant to U.S.S.G. § 3B1.2, to reflect his minimal or minor role in the offense.

We review the district court's determination of a defendant's role in an offense for clear error, and the defendant bears the burden of establishing his role in the offense by a preponderance of the evidence. United States v. De Varon, 175 F.3d 930, 937-39 (11th Cir. 1999) (en banc). Under the Guidelines, a minor participant is entitled to a two-level reduction and is someone who is "less culpable than most other participants, but whose role could not be described as minimal." U.S.S.G. § 3B1.2(b), cmt. (n.5). A minimal participant is entitled to a four-level reduction and is someone who is "plainly among the least culpable of those involved in the conduct of a group." U.S.S.G § 3B1.2(a), cmt. (n.4).

To determine whether a mitigating-role reduction applies, a district court

---

[1] As of October 6, 2006, these statutory provisions are codified at 46 U.S.C. §§ 70503, 70506.

must first consider the defendant's role in the relevant conduct for which he has been held accountable at sentencing. De Varon, 175 F.3d at 940. The district court may also consider the defendant's role relative to that of other participants in the relevant conduct. Id. This inquiry is limited to identifiable participants who were involved in the relevant conduct, and "the conduct of participants in any larger criminal conspiracy is irrelevant." Id. at 944.

In the instant case, Ovalles argues that the relevant conduct for which he was sentenced is a broader criminal conspiracy involving a large number of unknown participants who were not on the vessel. However, Ovalles was held accountable only for the quantity of drugs estimated to be on board the vessel. As Ovalles's actual conduct was equivalent to the relevant conduct for which he was held accountable, he may not point to a larger criminal conspiracy in order to justify a mitigating-role reduction. Moreover, there is nothing in the record to suggest that Ovalles was less culpable than most of the other individuals on the go-fast vessel. Accordingly, we cannot conclude that the district court clearly erred in denying Ovalles a mitigating-role reduction.

**AFFIRMED.**